THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUNDES GARRETT | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:15-CV-2285 |
| | : | (JUDGE MARIANI) |
| CHASE HOME FINANCE, LLC | : | |
| and JP MORGAN CHASE, NA, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant's Motion to Dismiss (Doc. 11) Plaintiff's

Complaint (Doc. 1) in which Defendant argues that, among other things, this Court lacks

jurisdiction to hear this matter under the *Rooker–Feldman* doctrine. The parties have fully

briefed the motion, and it is now ripe for decision. For the reasons that follow, the Court will

grant Defendant's Motion because the Court lacks jurisdiction to hear the case.

### II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

In 2003, Plaintiff, Lundes Garrett, executed a note and mortgage for a debt

secured by real property in Saylorsburg, Pennsylvania. (Doc. 2-1 at 1-3).[1] In 2010,

Chase Home Finance filed a complaint in mortgage foreclosure regarding the note in

---

[1] "In evaluating a motion to dismiss, [a court] may consider documents that are attached to or submitted with the complaint and any 'matters incorporated by reference . . . .'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal citation omitted) (quoting 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004)). Here, Plaintiff attached exhibits referenced in the Complaint (Doc. 1) to his Motion for a Temporary Restraining Order (Doc. 2), submitted the same day.

the Court of Common Pleas of Monroe County Pennsylvania. (Doc. 1, ¶ 9; Doc. 2-1 at 6-9). Plaintiff then filed for bankruptcy. (Doc. 1, ¶ 29); *see In re Garrett*, 2011 WL 5101843, *1 (Bankr. M.D. Pa. 2011). On July 2, 2013, after Plaintiff's discharge from bankruptcy, Chase Home Finance filed for summary judgment in the foreclosure action. (Doc. 1, ¶¶ 32, 36). On July 3, Defendant, JPMorgan Chase Bank, N.A., moved to substitute itself for Chase Home Finance because the two companies had merged. (Doc. 2-1 at 20). Soon after, the Court of Common Pleas of Monroe County granted Defendant's motion for summary judgment, (Doc. 1, ¶ 38), and that decision was affirmed on appeal to the Superior Court of Pennsylvania on July 15, 2014. *See JP Morgan Chase Bank, N.A., v. Garrett,* 2014 WL 10915511 (Pa. Super. Ct. 2014).[2]

Plaintiff then filed a *pro se* Complaint (Doc. 1) and a "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Declaratory Relief and Motion to Vacate Judgment for Fraud on the Court" (Doc. 2) in this Court on November 25, 2015. In his Complaint, Plaintiff, in essence, alleges that Defendant had no legal right to foreclose upon Plaintiff's house and that the foreclosure was the result of Defendant's forgeries, manipulation of the court system, and fraud upon the court. (Doc. 1, ¶¶ 9-10, 12, 27-29, 36). Based on Defendant's conduct, Plaintiff

---

[2] "In evaluating a motion to dismiss, [a court] may consider . . . 'items subject to judicial notice . . . '" *Buck,* 452 F.3d at 260 (quoting 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004)). A "District Court [is] entitled to take judicial notice of prior opinions to establish the procedural history of [a] case." *Jonas v. Gold,* 627 F. App'x 134, 137 n.4 (3d Cir. 2015) (citing *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,* 181 F.3d 410, 426 (3d Cir. 1999)).

alleged eleven causes of action including, but not limited to, unfair and deceptive

consumer practices in violation of Pennsylvania law, RICO violations, wrongful

foreclosure, and unjust enrichment. (Doc. 1, ¶¶ 57-121). On December 23, 2015,

Defendant filed the Motion to Dismiss (Doc. 11) that is presently before this Court.

## III. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only that power

authorized by Constitution and statute, which is not to be expanded by judicial decree."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.

2d 391 (1994) (internal citations omitted).

> [T]he federal courts are without power to adjudicate the substantive claims in
> a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal
> authority is, in a particular instance, open to question, it is incumbent upon the
> courts to resolve such doubts, one way or the other, before proceeding to a
> disposition of the merits.

*Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is

power to declare the law, and when it ceases to exist, the only function remaining to the

court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S.

(7 Wall.) 506, 514, 19 L. Ed. 264 (1868). This rule "'spring[s] from the nature and limits of

the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co.*

*v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)

(alteration original) (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)).

A Motion to Dismiss for lack of subject-matter jurisdiction is properly made under Federal Rule of Civil Procedure 12(b)(1), but, additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Further, "the burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. This is because, as a result of strict constitutional and statutory limits on federal courts' jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Id.*

## IV. ANALYSIS

Defendant argues that the entire Complaint constitutes a collateral attack on the Pennsylvania state court judgment and therefore the *Rooker–Feldman* doctrine deprives this Court of subject-matter jurisdiction. (Doc. 12 at 5). Plaintiff responds that he has presented an independent claim that "complains of an injury at the hands of an adverse party, as opposed to an injury resulting from a state court's judgment," and, therefore, the present action is not barred under *Rooker–Feldman*. (Doc. 14 at 6).

*Rooker–Feldman* prevents federal district courts from exercising jurisdiction "[i]n certain circumstances, where a federal suit follows a state suit." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163-64 (3d Cir. 2010). The doctrine originated from two Supreme Court opinions issued over the course of six decades, *Rooker v. Fidelity*

*Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). "The doctrine is derived from 28 U.S.C. § 1257 which states that '[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court.'" *Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d Cir. 2008). "'Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions.'" *Id.* (quoting *Desi's Pizza, Inc. v. City of Wilkes Barre*, 321 F.3d 411, 419 (3d Cir. 2003)).

The doctrine is narrow in scope. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). It "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The doctrine is not implicated, however, "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Id.* at 293 (quoting *GASH Assoc. v. Vill. Of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

In the Third Circuit,

> there are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff

5

"complain[s] of injuries caused by [the] state-court judgments"; (3) those
judgments were rendered before the federal suit was filed; and (4) the plaintiff
is inviting the district court to review and reject the state judgments.

*Great W. Mining & Mineral Co.*, 615 F.3d at 166 (alteration in original) (quoting *Exxon Mobil
Corp.*, 544 U.S. at 284). According to the Court of Appeals, "The second and fourth
requirements are the key to determining whether a federal suit presents an independent,
non-barred claim." *Id*. "The second requirement—that a plaintiff must be complaining of
injuries caused by a state-court judgment—may also be thought of as an inquiry into the
source of the plaintiff's injury." *Id*. The fourth requirement "targets . . . whether the plaintiff's
claims will require appellate review of state-court decisions by the district court." *Id*. at 169.

Turning to the case at hand, the first and third requirements are easily met. Plaintiff
lost in state court. *See JP Morgan Chase Bank, N.A.,* 2014 WL 10915511 at *1. Further,
that judgment was rendered before the federal suit was filed; the Superior Court decision
was filed on July 15, 2014, while the present action began on November 25, 2015. The
second and fourth requirements, however, require a more in-depth analysis.

Regarding the second requirement, at first glance it seems that Plaintiff is not
complaining of a state court injury, but rather of an injury at the hands of Defendant.
Indeed, Plaintiff raises a litany of transgressions committed by Defendant and only mentions
the state court judgment in passing. Upon closer inspection, however, it becomes clear that
without the state court judgment, there is no injury—a fact that cannot be sidestepped by
only pointing a finger at Defendant and not at the state court's judgment.

6

Plaintiff asserts that Defendant engaged in a wide range of wrongful activity, but all of it is alleged to have occurred *during* the foreclosure proceedings. Assuming the truth of the allegations in Plaintiff's Complaint, Plaintiff was indeed harmed as a result of those wrongdoings. If, however, Plaintiff had prevailed in state court despite Defendant's transgressions, Plaintiff would not have suffered a legal harm. Without a legal harm, there is no injury. Thus, although Plaintiff complains of Defendant's wrongdoing, the behavior occurred during a state court proceeding and the only injury traceable to it arose out of the state court judgment. Defendant's conduct as pleaded, therefore, is only injurious to Plaintiff because it resulted in a state court judgment against him. He alleges no independent injury.

In *Great Western*, the Third Circuit stated that, in determining whether the second requirement is met, "[a] useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Great W. Mining & Mineral Co.*, 615 F.3d at 167. Here, as mentioned above, there was no injury until the state court judgment was issued. Only then did Plaintiff suffer a legally cognizable harm. Thus, the second requirement is met because Plaintiff is complaining of an injury caused by a state court judgment.

Turning to the fourth and final requirement—that Plaintiff is seeking review and rejection of the earlier state court judgment—it is clear from the pleadings that Plaintiff has

7

invited this Court to review and overturn the judgment issued by the Pennsylvania court. "Prohibited appellate review 'consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law.'" *Id.* at 169 (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006)). Here, Plaintiff, in effect, asks this Court to review Defendant's conduct in the state court proceeding and determine whether the Pennsylvania court correctly determined that Defendant had the right to foreclose on Plaintiff's house. The fact that Plaintiff frames the issue in terms of Defendant's fraud is irrelevant.

Plaintiff's prayer for relief provides further evidence that Plaintiff does not seek simply to have this Court reach a legal conclusion that is in conflict with a prior state court judgment, but wants this Court to overturn said judgment. Plaintiff asks this Court to, among other things, "[i]ssue a Declaratory Injunction estopping any foreclosure activity currently underway" and to quiet title to the property. (Doc 1 at 25). To do so would require this Court to overturn the judgment of the Pennsylvania court in direct conflict with the *Rooker–Feldman* doctrine. Thus, the fourth requirement is met, and *Rooker–Feldman* requires this Court to dismiss the action.

This outcome is in accord with a recent Third Circuit decision issued under almost identical facts. *See Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49 (3d Cir. 2013). In *Gage*, the plaintiff brought a federal suit after Wells Fargo succeeded on a foreclosure

8

complaint in state court. *Id.* at 50. The Third Circuit affirmed the District Court's dismissal

of the suit, reasoning that

> Gage cannot evade *Rooker–Feldman* by arguing on appeal that he was not
> injured by the foreclosure judgment, but rather by Wells Fargo's purportedly
> fraudulent actions. The complaint reveals the nature of Gage's claims against
> Wells Fargo: that the bank had no right to foreclose on the property and
> therefore committed "criminal acts" by enforcing the foreclosure judgment
> (Counts I and IV). These claims are in essence an attack on the state court
> judgment of foreclosure. Furthermore, an aspect of the relief that Gage
> requests—to have the deed to the property restored to him—makes it
> abundantly clear that he seeks to overturn the foreclosure judgment.
> Accordingly, the claims against Wells Fargo were properly dismissed under
> the *Rooker–Feldman* doctrine.

*Id.* at 51.

Further, the Third Circuit came to the same conclusion when presented with similar

arguments as Plaintiff has presented here. *See Khalil v. N.J. Div. of Child Prot. &*

*Permanency*, 594 F. App'x 88 (3d Cir. 2015). There, the plaintiff, Khalil, brought a federal

suit after his parental rights were terminated in state court. *Id.* at 89. In federal court, Khalil

argued that he was complaining of injuries brought on by the defendants' fraud upon the

state court in the prior proceeding, not the state court judgment itself. *Id.* at 90. Moreover,

he argued that "he [did] not ask [the court] to review and reject the state-court judgment

because he invite[d] review only of [the defendants'] conduct in the state-court

proceedings." *Id.* The Third Circuit rejected those arguments, finding that it was

"impossible for [the court] to grant Khalil relief without concluding that the foundation for the

9

state court's opinion was incorrect, thereby rejecting the state court's judgment regarding his parental rights." *Id.* at 91.

Accordingly, just as the *Rooker–Feldman* doctrine barred federal courts from hearing the plaintiffs' actions in *Gage* and *Khalil*, the *Rooker–Feldman* doctrine deprives this Court of subject-matter jurisdiction to hear the present suit. Therefore, this Court must dismiss the Complaint.[3] *See* FED. R. CIV. P. 12(h)(3).

Finally, because Plaintiff has not requested leave to amend his Complaint, nor submitted a draft amended complaint, this Court does not grant him leave to amend his Complaint. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) (reaffirming that on a motion to dismiss in a non-civil rights action, when a party fails to request leave to amend or fails to submit a draft amended complaint, District Courts are under no obligation to grant leave to amend *sua sponte*). Alternatively, even if Plaintiff properly requested leave to amend, this Court would deny such a request as futile. *Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001) ("[L]eave to amend need not be granted when amending the complaint would clearly be futile"); *Miklavich v. USAir Inc.*, 21 F.3d 551, 557-58 (3d Cir. 1994) (holding that, in light of the district court's lack of jurisdiction over the matter alleged in the complaint, denial of leave to amend was proper because any attempt to amend would be futile). In light of the above, there are simply no facts here to

---

[3] Because this Court finds it lacks subject-matter jurisdiction, it sees no reason to address Defendant's other grounds for dismissal under FED. R. CIV. P. 12(b)(6).

suggest that an amendment to Plaintiff's Complaint could bring this case outside of the

*Rooker–Feldman* doctrine and into this Court's jurisdiction.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss (Doc.

11).  A separate Order follows.

/Robert D. Mariani
United States District Judge